**Julie WILLES, Plaintiff—Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY; et al., Defendants—Appellees.**

**No. 03–35848.**

**D.C. No. CV–01–01457–AJB.**

United States Court of Appeals, Ninth Circuit.

Argued & Submitted March 8, 2005.

Decided Aug. 4, 2005.

N. Roberta Stoll, Esq., Steve D. Larson, Esq., Scott A. Shorr, Esq., Stoll Stoll

Berne Lokting & Schlachter, PC, Portland, OR, for Plaintiff–Appellant.

Stuart D. Jones, Esq., Portland, OR, for Defendants–Appellees.

Before REINHARDT, BERZON, and BYBEE, Circuit Judges.

MEMORANDUM *

Plaintiff appeals from the district court's grant of summary judgment to all defendants. First, with regard to State Farm Fire and Casualty Company, the district court granted summary judgment on the ground that in cases involving an initial policy of insurance, an "increased in any charge" cannot occur "unless the insurer makes an initial demand for payment to the insured and subsequently increases the amount of that demand based on information in the insured's credit report." In light of *Edo v. GEICO Casualty Co.*, No. 04–35279, we reject this holding and reverse. Second, the district court reasoned that although State Farm Mutual Automobile Insurance Company denied Willes a policy based on his credit information and made the decision that he would be charged at an increased rate, Mutual was not liable because Willes "did not apply for and was not denied insurance coverage by Mutual within the meaning of FCRA." Again, we reverse, in light of *Edo*. We remand these and all remaining issues to the district court for consideration in light of *Edo*.

**REVERSED AND REMANDED**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.